## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, ) ) Plaintiff, ) ) v. ) ) TIMOTHY HAINES, ) ) Defendant. ) | Case No. 07-0690-CV-W-FJG |

# ORDER

Currently pending before the Court is Defendant's Motion to Dismiss (Doc. No. 13) and Plaintiff's Motion for Leave to File Sur-Reply (Doc. No. 18). Additionally, before the Court is a discovery dispute between the parties on whether the deposition topics relating to the deposition of plaintiff's corporate representative should be limited to the discussion of the settlement agreement. The Court will consider these issues below.

## I. BACKGROUND

This is a contract action by plaintiff Sentinel Insurance Company ("Sentinel"), seeking enforcement of a settlement contract allegedly entered into between defendant Timothy Haines ("Haines") and Sentinel on behalf of its insureds. Sentinel alleges that Haines has reneged on the contract by refusing to perform. Sentinel claims it has performed its duties under the settlement contract. The settlement contract relates to an automobile accident between Haines and Sentinel's insured, Joshua Kauffman. On November 20, 2005, Haines was seriously injured in a motor vehicle collision in Jackson County, Missouri, which was allegedly caused by the negligence of Joshua Kauffman, who is insured by Sentinel. The vehicle was owned by Joshua's father, Dennis Kauffman.

Sentinel had a liability policy on the vehicle with a liability limit of $50,000.

Sentinel's Complaint contains one Count for Enforcement of the Settlement Contract (Doc. No. 1). The issues in this case are whether a settlement contract was formed between the parties and whether the parties complied with the terms of the contract. Defendant denies that jurisdiction is proper in this case and has filed the appropriate motion.

## II. STANDARD

In a "facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). Plaintiff's Complaint states that complete diversity exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, on its face, plaintiff's Complaint has adequately alleged the jurisdictional amount.

However, defendant also argues that there is no legal possibility that plaintiff's claim in this cause of action could exceed $75,000 because the liability limit on the insurance policy is $50,000. Further, plaintiff is requesting that the Court enforce a $50,000 settlement agreement between the parties. This is a Rule 12(b)(1) challenge to the factual truthfulness of plaintiff's jurisdictional allegations. In a factual challenge, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Titus, 4 F.3d at 593 (citing Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947)). No presumption of truthfulness attaches to a plaintiff's allegations relating

2

to subject matter jurisdiction. Titus, 4 F.3d at 593 n.1. Moreover, a party who invokes jurisdiction carries the burden of proof on jurisdictional issues. James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828 (8th Cir. 2005). Thus, plaintiff has the burden of proving diversity jurisdiction exists in this case.

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002) (citing Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994)). "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Id. at 885.

### III. DISCUSSION

Before the Court determines the discovery dispute issues in the case, the Court will first determine whether it has jurisdiction to hear this matter.

**A.     Defendant's Motion to Dismiss (Doc. No. 13)**

Defendant argues plaintiff's Complaint should be dismissed for two reasons: (1) plaintiff's Complaint fails to satisfy the jurisdictional amount and (2) the Court should abstain from hearing this case because of a parallel state court proceeding. Defendant argues that the jurisdictional amount is not satisfied because the insurance policy contains a $50,000 per person maximum liability limit and a $100,000 limit per occurrence. Plaintiff responds that the jurisdictional amount is satisfied because it is clear that the amount in controversy exceeds $75,000 when defendant's demand letters have been for $350,000.00 and $500,000.00.

3

### 1. *Whether the Jurisdictional Amount is Satisfied*

Although this case was not removed from state court, the Court looks to removal cases where courts often consider such evidence as "settlement offers by plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff." See Neighbors v. Muha, No. 05-472-CV-W-GAF, 2005 WL 2346968, *2 (W.D. Mo. Sept. 26, 2005) (citing Halsne v. Liberty Mutual Group, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999)). In the instant case, defendant had initially demanded from plaintiff $350,000 or the limits of the policy in his February 6, 2007 offer letter. Plaintiff responded that it would settle the matter for the limits of the policy which is $50,000. Defendant rejected plaintiff's acceptance to settle for $50,000. Defendant sent plaintiff another offer letter on August 30, 2007 demanding $500,000 for his injuries. The Court finds that defendant's refusal to accept the offer is indicative that he is seeking to recover an amount in excess of the $50,000 liability policy. Therefore, the Court finds that plaintiff has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### 2. *Whether this Court Should Abstain under the Colorado River and Younger Abstention Doctrines*

Defendant also argues that this Court should abstain from hearing this case or at least stay the federal action because there is a pending state court action involving the same subject matter as raised by Sentinel in the federal action. Defendant filed a state court action against Joshua Kauffman, Sentinel's insured, on September 6, 2007 in the Circuit Court of Jackson County, Missouri. Sentinel filed its Complaint in federal court on

4

September 14, 2007 (Doc. No. 1) seeking enforcement of the settlement agreement. Haines states that the pending state court action involves the issue of whether the settlement was reached and finalized within the ninety (90) day time period provided for in the February 6, 2007 settlement demand to Sentinel. Haines argues that this Court should abstain from hearing this matter under the Colorado River and Younger abstention doctrines. Haines states that Kauffman has alleged an affirmative defense in the state suit that a settlement was reached with Haines based on Sentinel's acceptance of Haines' offer on February 6, 2007. Because Kauffman alleges a defense based on the settlement reached between Haines and Sentinel, Haines argues that this Court should abstain or stay the federal action until the state court reaches a ruling in this matter.

Plaintiff responds that the Younger abstention doctrine only applies where plaintiff is seeking equitable or injunctive relief. Similarly, plaintiff argues that the courts only apply the Colorado River factors when plaintiff is seek declaratory relief under the Declaratory Judgment Act. Because plaintiff is only asking the Court to determine a contract dispute between the parties, plaintiff contends that the abstention doctrines do not apply.

The federal courts have a "virtually unflagging obligation...to exercise the jurisdiction given them." Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976). This obligation does not evaporate simply because there is a pending state court action involving the same subject matter. Id. at 813-14, 817. Nor does the potential for conflict justify the staying of the exercise of federal jurisdiction. Id. at 816. Rather, abstaining from cases because there is a pending state court action is justified only in exceptional circumstances. Moses H. Cone Memorial Hosp. v. Mercury Constr., 460 U.S. 1, 14, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983). In determining whether

5

exceptional circumstances exist in abstaining from a matter, courts apply the following Colorado River factors: (1) whether there is a res over which one court has established jurisdiction; (2) the inconvenience of the federal forum; (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed; (4) which case has priority–not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases; (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls; and (6) the adequacy of the state forum to protect the federal plaintiff's rights. Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, 48 F.3d 294,297 (8th Cir. 1995) (citing United States Fidelity & Guar. Co. v. Murphy Oil, 21 F.3d 259, 263 (8th Cir. 1994)). However, prior to applying these factors, the court first decides if there is a parallel state court proceeding. In re Burns & Wilcox, Ltd., 54 F.3d 475, 477 (8th Cir. 1995)("A parallel state court proceeding is a necessary prerequisite to use of the Colorado River factors."). The Court disagrees with plaintiff that the Colorado River abstention only applies in the context of declaratory judgment actions. Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 792-93 (8th Cir. 2008)(holding that because the suit involved a declaratory judgment action, "the test articulated in Colorado River for a federal court to abstain when there are parallel state proceedings does not apply to actions under the Declaratory Judgment Act.")(internal citations omitted). Colorado River abstention is typically invoked in situations involving parallel, duplicative federal-state litigation. Colorado River, 424 U.S. 800. In this matter, there is a pending state court proceeding in Jackson County involving Haines and Kauffman and claims of negligence. Plaintiff argues the proceedings are identical because Sentinel stands in the shoes of its

6

insured, Kauffman. The Court is not convinced that the proceedings are necessarily parallel. However, even if the proceedings are sufficiently parallel, the Court finds it will not abstain from hearing this matter after applying the Colorado River factors.

*(a) Whether there is a res over which one court has established jurisdiction*

This action does not involve a res. Accordingly, this factor does not weigh into the "exceptional circumstances" calculation.

*(b) The inconvenience of the federal forum*

The court finds there is no difference in the level of inconvenience between the fora. Further, defendant did not argue in his brief that the federal forum was inconvenient. Thus, this factor is also irrelevant to the existence of exceptional circumstances.

*(c) Whether maintaining separate actions may result in piecemeal litigation*

The Supreme Court cases make it clear that this the predominant factor. See, e.g., Moses H. Cone, 460 U.S. at 16, 21. The policies underlying Colorado River abstention are "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817 (internal citations omitted). The state court action does not involve all parties. Rather, it only involves Haines and Kauffman. Sentinel is not a party to the state court action. The Court finds that this factor is irrelevant because Kauffman is not needed in the federal action in order to determine whether Sentinel reached a settlement agreement with Haines. The February 6, 2007 offer letter was sent to Sentinel and Sentinel is the party who has the authority to settle the insurance claim with Haines not Kauffman. Thus, this factor does not weigh heavily into the exceptional circumstances calculation.

*(d) Which case has priority*

7

"[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Haines filed the state action against Kauffman on September 6, 2007. Sentinel filed its Complaint in this Court only eight days later on September 14, 2007. Thus, the timing of the filings does not give one action priority over the other. Neither does the progress made in the state court action. The state court action is still in the discovery phase and no dispositive motions have been filed. In the federal action, the parties are also in the discovery phase, but Sentinel has filed a motion for summary judgment on February 7, 2008 (Doc. No. 17). Thus, the Court believes the Jackson County action does not have priority over the federal action.

*(e) Whether state or federal law controls*

It is undisputed that this action is governed by state law since it deals with the enforcement of a contract. However, the presence of state law issues will weigh in favor of abstention only in rare circumstances. Moses H. Cone, 460 U.S. at 26. The issue of whether the parties entered into a settlement agreement under Missouri law does not require that this Court abstain. Thus, the fact that state law governs this case does not provide a reason for abstention.

*(f) The adequacy of the state forum to protect the federal plaintiff's rights*

The court is unconvinced that the state forum can protect the federal plaintiff's rights since Sentinel is not a party to the state court action. Although Kauffman asserted the settlement agreement as a defense to Haines' negligence claims in state court, Kauffman is representing himself and his interests ultimately. Sentinel's interests, however, are not represented in the state court action. Thus, this factor cannot be afforded any significant

8

weight.

Because the Courts finds that many of the factors either weight against abstention or are irrelevant, the Court concludes that it will not abstain from hearing this matter.

Additionally, the Court agrees with plaintiff that the Younger abstention doctrine does not apply to this case. Under Younger v. Harris, 401 U.S. 37, 27 L.Ed. 2d 669, 91 S. Ct. 746 (1971), federal courts should abstain from exercising jurisdiction in cases where equitable relief, such as injunctive or declaratory relief, would interfere with pending state proceedings in a way that offends principles of comity and federalism. The Supreme Court has extended Younger to forbid the injunction of certain state civil enforcement actions. See Huffman v. Pursue, Ltd., 420 U.S. 592, 594, 603-5, 43 L. Ed. 482, 95 S. Ct. 1200 (1975)(holding that Younger applied to a federal action that sought to interfere with a state civil proceeding to abate the showing of obscene movies). This case does not involve a claim for injunctive or declaratory relief. Although the relief sought by plaintiff is equitable in nature in that requests specific performance of a contract, granting plaintiff's claim to enforce the settlement agreement would not interfere with the pending state proceeding. The state proceeding is between Haines and Joshua Kauffman, the driver of the vehicle which injured Haines. Haines' claims against Kauffman involve claims for negligence and recklessness. The federal proceeding, however, does not seek to determine whether Kauffman was negligent in the accident. This Court only seeks to determine whether the parties entered into a settlement agreement. If the Court finds that the parties did enter into a settlement agreement, Haines' state suit against Kauffman may still proceed.

"Younger directs federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when

9

(3) that proceeding affords an adequate opportunity to raise the federal questions presented." Fuller v. Ulland, 76 F.3d 957 (8th Cir. 1996). Even if Younger does apply to this action, the Court finds it will not abstain under these grounds because the ongoing state judicial proceeding does not implicate important state interests. The state proceeding pending in Jackson County involves claims for negligence and allegations that Kauffman drove recklessly under the influence of alcohol. There are no important governmental interests at stake in the state court litigation. Thus, the Court will decline to abstain under the Younger abstention doctrine.

Therefore, because the Court finds that the jurisdictional amount is satisfied and the Court declines to abstain under the Colorado River and Younger abstention doctrines, defendant's motion to dismiss or in the alternative to stay is **DENIED** (Doc. No. 13).

In addition, plaintiff seeks leave to file a sur-reply to defendant's motion to dismiss. Plaintiff requests leave to file a sur-reply to address the new arguments defendant raised based on the Younger abstention doctrine. Defendant filed no opposition to plaintiff's motion. However, it is not the Court's practice to allow parties to file a sur-reply. Therefore, the Court **DENIES** plaintiff's motion for leave to file a sur-reply (Doc. No. 18).

**B.    Whether Defendant's Deposition of Plaintiff's Corporate Representative Should be Limited**

A discovery dispute exists in this case as to whether certain deposition examination topics are allowable pursuant to the Federal Rules. A deposition of Sentinel's corporate representative, Michael Nowlin, was set for February 12, 2008. Nowlin is the claims adjuster who handled the underlying claims by Haines against Sentinel's insureds, including the settlement in this case. Because of the disagreement over the deposition

topics, Nowlin's deposition has been postponed.

The Court held a discovery dispute teleconference to resolve this issue on February 19, 2008. Upon consideration of the parties' arguments and the claims at issue in this case, the Court finds that the deposition topics should be limited to discussion about the settlement agreement for $50,000. The Court agrees with plaintiff that since there are no claims in this case relating to good faith claim handling practices and bad faith failure to settle, there is no need to delve into these topics at the deposition. The only issues in this case are whether Sentinel satisfied the terms listed in the settlement offer on February 6, 2007, whether a settlement agreement was formed, and whether the parties have complied with the agreement. Thus, it is unnecessary and irrelevant for defendant to inquire about Sentinel's claim handling practices during the deposition of Sentinel's corporate representative.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 13) is **DENIED** and Plaintiff's Motion for Leave to File Sur-Reply (Doc. No. 18) is **DENIED**. Additionally, the Court concludes that the deposition topics for the deposition of Sentinel's corporate representative should be limited to the proposed settlement agreement.

**IT IS SO ORDERED.**

Date:  3/12/08  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge