# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> TIMOTHY HAINES, ) <br> ) <br> Defendant. ) | Case No. 07-0690-CV-W-FJG |

## ORDER

Pending before the Court is Defendant's Notice of State Court Ruling of No Settlement (Doc. No. 88).

**I. BACKGROUND**

On September 6, 2007, defendant (Haines) filed a personal injury action in the Circuit Court of Jackson County, Missouri against plaintiff's (Sentinel) insured, Josh Kauffman (Kauffman). Kauffman moved to dismiss Haines's action in state court based on the affirmative defense that a settlement agreement existed between the parties. Additionally, Kauffman orally moved the court to enforce the settlement agreement. The state court found that Kauffman did not prove by clear and convincing evidence that an enforceable settlement agreement existed between the parties. Haines v. Kauffman, Amended Order, 07-16-CV25371 (Aug. 26, 2008). As a result, the state court denied Kauffman's motion to dismiss and motion to enforce the settlement agreement.

In his notice, Haines moves this court to dismiss the present action to enforce the purported settlement agreement based on the state court's ruling that a settlement

agreement was not entered into by Kauffman and Haines. Haines contends that the principles of res judicata and collateral estoppel preclude this Court from deciding the present case.[1]

## II. STANDARD OF REVIEW[2]

Although Haines does not state the basis on which he moves to dismiss the case, the Court will treat the motion as being brought under Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. "A motion to dismiss should be granted as a practical matter...only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (internal citations and quotations omitted).

---

[1] Haines also renews his arguments to dismiss the action based on lack of subject matter jurisdiction and abstention. The Court has previously considered and ruled on both issues in an order (Doc. No. 29). The Court is also considering Haines's motion to reconsider that order in a separate motion (Doc. No. 83); therefore, the Court will address those arguments in a separate order.

[2] Although a district court may in its discretion convert a motion to dismiss into a motion for summary judgment when accepting material outside of the pleadings, the Court declines to do so here. See Casazza v. Kiser, 313 F.3d 414, 417-18 (8th Cir. 2002). The Court takes judicial notice of the state court orders entered on August 18, 2008 and August 26, 2008 by the Honorable Jay Daugherty in Haines v. Kauffman, 07-16-CV25371.

## III. DISCUSSION

As an initial matter, the Court finds that the doctrine of res judicata does not apply here because the present action does not involve the same cause of action brought by the same party as the state court action. See Williams Finance Plaza, 78 S.W.3d 175, 183 (Mo. App. W.D. 2002). With regards to collateral estoppel, the Eight Circuit has noted that the legal analysis is the same under Missouri law and Eight Circuit federal law. Canady v. Allstate Ins. Co., 282 F.3d 1005, 1016 n. 7 (8th Cir. 2002). To determine if collateral estoppel applies, the Court considers four factors: (1) whether the issue presented in this case is identical to the one previously adjudicated; (2) whether the prior adjudication was a final judgment on the merits; (3) whether the party against whom collateral estoppel is sought is the same party as the one in the prior adjudication or in privity with that party; and (4) whether that party had a full and fair opportunity to litigate the issue in the prior adjudication. See State v. Nunley, 923 S.W.2d 911, 922 (Mo. 1996).

As to the second factor, the issue decided in a prior adjudication must be essential to that court's valid and *final* judgment in the case. Consumers Oil Co. v. Spiking, 717 S.W.2d 245, 250 (Mo. App. Ct. W.D. 1986) (emphasis added). A denial of a motion to dismiss is not a final judgment. See Reis v. Peabody Coal Co., 935 S.W.2d 625, 632 (Mo. App. Ct. E.D. 1996). A final judgment disposes of all the claims in the litigation as to all parties while leaving nothing for future determination by the court. Bell Scott, L.L.C. v. Wood, Wood and Wood Investments, Inc., 169 S.W.3d 552, 554 (Mo. App. Ct. E.D. 2005).

The state court's order denied Kauffman's motion to dismiss based on an affirmative defense and his motion to enforce the settlement agreement. Neither ruling was essential to the state court's final judgment in the case. As far as the Court is aware, the state court

has not entered a final judgment in the case before it. Therefore, collateral estoppel will not preclude litigation in the present case on the issue of whether a settlement agreement existed between the parties because there is no final judgment in the state court proceedings.

## IV. CONCLUSION

Therefore, the Court **DENIES** Defendant's Motion to Dismiss based on the State Court's Ruling of No Settlement (Doc. No. 88).


**IT IS SO ORDERED.**

Date:  9/10/08  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge