# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, ) | |
| ) Plaintiff, ) | |
| v. ) | No. 07-0690-CV-W-FJG |
| ) TIMOTHY HAINES, ) | |
| ) Defendant. ) | |

## ORDER

Currently pending before the Court is plaintiff's Motion for Summary Judgment (Doc. No. 16); defendant's Motion to Reconsider the Court's Order Denying Defendant's Motion to Dismiss Sentinel's Complaint (Doc. No. 83); plaintiff's motion in limine (Doc. No. 99); defendant's motion in limine (Doc. No. 103); and plaintiff's motion for a bench trial (Doc. No. 106).

**I.    BACKGROUND**

This is a breach of contract action by plaintiff Sentinel Insurance Company ("Sentinel"), seeking enforcement of a purported settlement agreement between defendant Timothy Haines ("Haines") and Sentinel on behalf of its insureds, Joshua and Dennis Kauffman. Sentinel alleges that Haines has breached the contract by failing to perform its obligation of executing a release of his claims against Sentinel and its insured in exchange for Sentinel's payment of Kauffman's policy limit. Sentinel claims it accepted the settlement offer and performed, or stood ready to perform, its end of the contract.

The settlement agreement arose out of an automobile accident between Haines and Joshua Kauffman ("Joshua") on November 20, 2005, where Haines suffered serious

injuries from the collision. Joshua's allegedly negligent driving was the cause of the accident. Joshua's father, Dennis Kauffman ("Dennis"), owned the vehicle that Joshua was driving during the accident. Dennis carried an insurance policy on the vehicle with Sentinel, which had a liability limit of $50,000 per person.

On February 6, 2007, Haines's attorney, Steve Sanders ("Sanders"), sent a settlement demand to Michael Nowlin ("Nowlin"), a Sentinel representative, offering a release of Haines's claims against Sentinel and its insureds in exchange for $350,000 or the policy limit, whichever was less. The demand letter also required that the Kauffmans and Sentinel provide affidavits stating that the Kauffmans did not have any other insurance coverage that might cover Haines's injuries from the automobile accident. The demand letter stated that the offer would be open for 90 days within receipt of the letter. Nowlin sent a letter to Sanders on March 2, 2007 purportedly accepting the settlement offer, and asserting that Dennis's policy limit was $50,000. Nowlin also included a certified copy of Dennis's insurance policy; however, the letter did not include affidavits from the Kauffmans or Sentinel. The Kauffmans' affidavits were not submitted to Sanders until approximately a month after the offer expired. At that time, Nowlin inquired as to whether Sentinel could proceed with paying out the policy limit of $50,000, but Haines refused to proceed because Sentinel had not provided the affidavits and money within the 90 day deadline.

On August 30, 2007, Haines's new counsel, Andrew Gelbach, sent Nowlin a letter demanding $500,000. After the offer was rejected, Haines filed a state action against the Kauffmans for personal injuries arising out of the automobile accident. Sentinel is not a party to that action.

**II.    LEGAL STANDARD**

Haines moves this Court to reconsider its order denying his motion to dismiss based on lack of subject matter jurisdiction (Doc. No. 29) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Haines argues that the Court erred by applying the wrong legal test to determine the amount in controversy. Rule 60(b) states that "on motion and just terms, the court may relieve a party from . . . [an] order . . . [for] any . . . reason that justifies relief."

Rule 12(h)(3) of the Federal Rules of Civil Procedure states that if at any time, the court determines that it does not have subject matter jurisdiction, it must dismiss the action. Plaintiff alleges in its complaint that subject matter jurisdiction is premised on diversity jurisdiction, and claims that the amount in controversy exceeds $75,000. Haines disputes the amount in controversy exceeds the jurisdictional minimum. The party invoking federal jurisdiction bears the burden of proof on jurisdictional issues, and must establish the jurisdictional minimum by a preponderance of the evidence. Advance America Servicing of Arkansas, Inc. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008). "[I]f it appears to a legal certainty that the value of the claim is less than the required amount of $75,000[,]" the Court must dismiss the complaint. Id.

### III. DISCUSSION

The Court will first reconsider whether it has subject matter jurisdiction in this case. Haines argues that the Court incorrectly valued the amount in controversy through the defendant's perspective rather than the plaintiff's. Sentinel argues that the "plaintiff viewpoint" rule does not apply to actions for specific performance, but rather only for actions seeking injunctive relief. Upon reconsideration, the Court adopts Haines's argument that the "plaintiff viewpoint" rule should be applied.

3

In the Court's Order denying Haines's motion to dismiss dated March 12, 2008 (Doc. No. 29), the Court cited Neighbors v. Muha, No. 05-472-CV-W-GAF, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005) to support its finding that the amount in controversy was met. In Neighbors, the issue was whether removal was proper where the plaintiff's complaint did not allege a specific amount of damages. The court considered the plaintiff's settlement demands to determine whether the damages plaintiff sought exceeded $75,000. Upon review of the case, the Court finds Neighbors is distinguishable from the present case. In this case, the Court is determining whether original jurisdiction exists rather than deciding whether removal was proper. Haines's previous settlement demands are not relevant to the present case because they were not made by the plaintiff, Sentinel, and they were not related to the present action relating to the enforcement of a settlement agreement. Also, the plaintiff is not requesting compensatory damages, but rather is seeking specific performance of a settlement contract. As discussed more fully below, the issue here is assessing what value specific performance of the settlement would have for Sentinel, rather than deciding the amount of monetary damages a plaintiff is seeking in a removed case. Therefore, the Court will decide whether the jurisdictional requirement is satisfied by applying the "plaintiff viewpoint" rule.

To determine the amount in controversy for actions for injunctive or declaratory relief, the "amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). The Eighth Circuit has consistently assessed the amount in controversy "by [determining] the value to the plaintiff of the right sought to be enforced." Advance Am. Servicing of Arkansas, Inc., 526 F.3d at 1173; Smith v. Am. States Preferred Ins. Co., 249 F.3d 812, 813-14 (8th Cir.

4

2001).  While the cases cited above address injunctive relief, the Court finds that it is appropriate in an action for specific performance to apply the "plaintiff viewpoint" rule.

Here, Sentinel is seeking to enforce a purported settlement agreement in which Haines would release Sentinel and the Kauffmans from liability arising from an automobile accident in exchange for the $50,000 insurance policy limit.  Sentinel argues that the value it would receive from a judgment exceeds the jurisdictional minimum because Sentinel and its insureds would be released from liability for damages from the car accident. Additionally, Sentinel states that a judgment in its favor will relieve it of its obligation to provide a legal defense for the Kauffmans in ensuing litigation.  Haines argues that Sentinel's policy limit caps any recovery from Sentinel by Haines to $50,000.  Given that Sentinel is the only plaintiff in this action, Haines contends that any potential liability the Kauffmans may face is irrelevant in determining the amount in controversy in the instant case.

In assessing the amount in controversy, the Court believes the proper course is to view the value of the relief sought as it relates to the sole plaintiff in this case, Sentinel, rather than the value to any other person.  The Court finds that the plaintiff has not met its burden to establish that the amount in controversy exceeds $75,000.  If the Court were to specifically enforce the settlement agreement, Sentinel would have to pay the policy limit of $50,000 in exchange for a release.  Sentinel's maximum exposure from the accident would presumably be the policy limit of $50,000, regardless of the settlement; therefore, Haines's settlement demands are irrelevant to Sentinel's potential exposure to liability.  In addition, while enforcement of the settlement agreement would arguably relieve Sentinel of its duty to defend the Kauffmans, Sentinel has not provided any evidence to demonstrate that the cost of defending the action, and whether it would place the amount in controversy

5

Case 4:07-cv-00690-FJG   Document 111   Filed 09/22/08   Page 5 of 6

above $75,000. As the party invoking federal jurisdiction, Sentinel has the burden to show that it is more likely than not that amount in controversy exceeds $75,000. Sentinel has not met its burden.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** defendant's motion to reconsider (Doc. No. 83) and **DISMISSES** this case **WITHOUT PREJUDICE**. Further, the Court **DENIES AS MOOT:** defendant's motion for summary judgment (Doc. No. 16), plaintiff's motion in limine (Doc. No. 99), defendant's motion in limine (Doc. No. 103), and plaintiff's motion for a bench trial (Doc. No. 106).

**IT IS SO ORDERED.**

Date:  9/22/08
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge